**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **CHAPTER 7** |
| **PHILIP BUTLER GROGGINS,** ) | |
| ) | **CASE NO. 14-71033** |
| **Debtor.** ) | |

_____

| | |
|---|---|
| **JUDY A. ROBBINS,** ) | |
| **UNITED STATES TRUSTEE** ) | |
| **FOR REGION FOUR,** ) | |
| ) | **ADVERSARY PROCEEDING** |
| **Plaintiff,** ) | **NO. 15-07018** |
| ) | |
| **v.** ) | |
| ) | |
| **PHILIP BUTLER GROGGINS,** ) | |
| ) | |
| **Defendant.** ) | |

_____

## OPINION AND ORDER GRANTING DENIAL OF DISCHARGE

The Debtor, *pro se*, filed a voluntary petition under Chapter 13 of the Bankruptcy Code in this Court on July 23, 2014. On May 29, 2015, the Chapter 13 Trustee ("Trustee") filed a Motion to Convert Case to Chapter 7 ("Motion to Convert") pursuant to 11 U.S.C. § 1307(c), alleging, *inter alia*, that the Debtor could not continue in Chapter 13, in part, because the Debtor was sentenced to twenty-seven (27) months imprisonment after having pleaded guilty to one count each of willful failure to collect or pay over taxes pursuant to 26 U.S.C. § 2702 and bankruptcy fraud pursuant to 18 U.S.C. § 152(3). *See* Case No. 14-71033, Docket No. 99, Tr.'s Ex. 9. The Debtor filed a Response on June 19, 2015. Following a hearing on June 22, 2015, the Court granted the Motion to Convert by Memorandum Decision and Order entered on July 24, 2015.

On July 28, 2015, Judy A. Robbins, United States Trustee for Region Four ("U.S. Trustee") filed a Complaint to Deny Discharge ("Complaint") against the Debtor. As the Debtor is currently incarcerated in federal prison, by Order entered September 10, 2015, George I. Vogel, II was appointed guardian ad litem for the Debtor in this case. The U.S. Trustee alleges that, pursuant to the declaration on the petition ("Petition Declaration"), the Declaration Concerning the Debtor's Schedules ("Schedules Declaration"), the Declaration Under Penalty of Perjury By Individual at the end of the Statement of Financial Affairs ("SOFA Declaration"), and the Verification at the end of his Official Form 22C ("Means Test Verification"), the Debtor swore that the information contained in the petition, schedules, SOFA, and Means Test was true and correct. Compl. ¶ 7. Further, the U.S. Trustee alleges that, as provided in 28 U.S.C. § 1746, the declarations contained in the Petition Declaration, Schedules Declaration, SOFA Declaration, and Means Test Verification "had like force and effect as an oath." *Id.*

The U.S. Trustee also alleges that, at the Meeting of Creditors held on October 14, 2014, the Debtor testified that he had filed a prior case in the Western District of Virginia in 2012, but denied having filed any other bankruptcy cases in the eight (8) years preceding the commencement of this case and specifically denied having filed a bankruptcy petition in the District of Maryland. *Id.* at ¶ 8. The Complaint further provides that after the petition date, but prior to the conversion of the case, a federal grand jury indicted the Debtor and charged him in Count 8 of the indictment with:

> knowingly and fraudulently [making] a material false declaration, certificate and verification under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, Case Number 14-71033, by submitting a Voluntary Petition, in which the defendant fraudulently omitted the fact that he had previously filed bankruptcy in April 2014 in the District of Maryland.

*Id.* at ¶ 9. On December 29, 2014, the Debtor entered a guilty plea to Counts 6 and 8 of the indictment, and judgment was entered in the U.S. District Court for the Western District of Virginia on May 22, 2015. *See Id.* at ¶ 10; Compl. Ex. 1.

The U.S. Trustee further contends that, under penalty of perjury, the Debtor declared that the information in the petition was true and correct when, in truth and fact, the Debtor knew the petition failed to disclose that the Debtor commenced Chapter 13 case number 14-15723 on April 10, 2014, in the U.S. Bankruptcy Court for the District of Maryland (the "Maryland Case"). Compl. ¶ 14. The U.S. Trustee states that, at the Meeting of Creditors, the Debtor knowingly and fraudulently made false oaths when he stated that he had only filed one other bankruptcy case in the eight (8) years preceding commencement of this case and when the Debtor denied having commenced the Maryland Case. *Id.* at ¶ 15.

In his Answer to the Complaint, filed October 5, 2015, the Debtor admitted all of the allegations contained in the Complaint, except for paragraphs 14 and 15, which he denied, and paragraph 16, to which he responded, "The [D]ebtor's discharge should be granted." Answer ¶¶ 14-16. In response to paragraph 14 of the Complaint, the Debtor responded,

> I did not commence Chapter 13 case number 14-15723 on April 10, 2014 in the Bankruptcy Court for Maryland. I have never been to the Bankruptcy Court for Maryland, and I have never corresponded with the Bankruptcy Court for Maryland. Any filings with this Court, and in particular, case number 14-15723, will not bear my signature.

*Id.* at ¶ 14. In addition, in response to paragraph 15 of the Complaint, the Debtor responded, "During the meeting of creditors conducted on October 14, 2014, I had no knowledge of Bankruptcy Case Number 14-15723 in the United States Bankruptcy Court for Maryland." *Id.* at ¶ 15.

3

The U.S. Trustee filed a Motion for Summary Judgment and Exhibits on October 22, 2015, in which the U.S. Trustee argued that the plea agreement signed on November 25, 2014 (the "Plea Agreement"), prohibits the Debtor from denying he knowingly and fraudulently made a false oath on his petition, and that res judicata prevents the Debtor from litigating whether he knowingly and fraudulently made a false oath. *See* Mot. Summ. J. ¶ 8. The Motion for Summary Judgment contained substantially similar facts as those contained in the Complaint.

The Debtor filed his Response to the Motion for Summary Judgment on November 18, 2015. The Debtor admitted that he commenced case number 14-71033 on July 23, 2014, by filing a handwritten, voluntary Chapter 13 petition. *See id.* at ¶ 6(a); Resp. 1. The Debtor also admitted that he signed the petition, and admitted that, while the petition disclosed that the Debtor had commenced one case in the eight (8) years prior to filing the instant case, it did not disclose the Maryland Case. *See* Mot. Summ. J. ¶ 6(b), (c), & (d); Resp. 1. The Debtor further responded that he had no knowledge of the Maryland Case and that he did not make a false oath on his bankruptcy petition filed in the instant case. Resp. 2. However, the Debtor admitted that he signed the Plea Agreement, which rendered him guilty of bankruptcy fraud under 18 U.S.C. § 152(1).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed R. Civ. P. 56(c)). When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586–88 (1986)).  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (footnote omitted).

The Court finds the U.S. Trustee has carried her burden and that summary judgment is appropriate in this case.  At the hearing on the Motion for Summary Judgment held on November 23, 2015, the U.S. Trustee argued that the Debtor admitted that he was indicted for bankruptcy fraud in the Answer to the Complaint.  The U.S. Trustee also noted that the Debtor was adjudicated guilty based on the Plea Agreement, which the Debtor admitted to signing. Finally, the U.S. Trustee argued that res judicata bars the Debtor from relitigating the issue since he previously pled guilty to making a false oath in the Debtor's filed bankruptcy petition. Collateral estoppel may provide the more appropriate analysis.  "Courts also have routinely applied collateral estoppel in subsequent civil and criminal actions to establish material facts that were necessary to sustain a prior criminal conviction."  *Rosen v. Neilson (In re Slatkin)*, 310 B.R. 740, 746 (C.D. Cal. 2004) (citations omitted), *aff'd*, 222 F. App'x 545 (9th Cir. 2007).

Section 727 of the Bankruptcy Code provides, "(a) The court shall grant a discharge unless . . . (4) the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account . . . ."  11 U.S.C. § 727(a)(4).  In *Block v. Moss (In re Moss)*, 258 B.R. 391, 402 (Bankr. W.D. Mo. 2001), the bankruptcy court stated,

> It is well established that a criminal conviction for a bankruptcy crime that is also a § 727 ground for denial of discharge will preclude the relitigation of the

> common factual issues . . . Specifically applied, a conviction or guilty plea under 18 U.S.C. § 152 for making a false oath in connection with a bankruptcy proceeding bars the relitigation of the factual issues in a subsequent action objecting to a debtor's discharge under § 727(a)(4)(A).

*Id.* In this case, there is no dispute that the Debtor signed the Plea Agreement filed in the U.S. District Court for the Western District of Virginia on December 29, 2014. On page 2 of the Plea Agreement, the Debtor states that "I am pleading guilty as described above because I am in fact guilty…" Mot. Summ. J. Ex. 7, at 2. Further, in paragraph C(7) of the Plea Agreement, the Debtor states, "I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements [including the admission of guilt], or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence." Mot. Summ. J. Ex. 7, at 9. Finally, in paragraph C(8) of the Plea Agreement, the Debtor confirms that "I agree not to commit any of the following acts: . . . deny I committed any crime to which I have pled guilty." *Id.*

The Debtor, in signing the Plea Agreement, waived his right to challenge that he committed bankruptcy fraud in violation of 18 U.S.C. § 152, and the Debtor is barred from relitigating the issue of whether he knowingly and fraudulently made a false oath in or in connection with this bankruptcy case. The Debtor's current protest that he committed no offense in connection with the false oath is of no avail. Accordingly, the Court finds no genuine issue of material fact is in dispute, and the U.S. Trustee has established grounds sufficient to deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

Accordingly, for the forgoing reasons, it is hereby ORDERED that the U.S. Trustee's motion for summary judgment is GRANTED and the Debtor's discharge under 11 U.S.C. § 727 be and hereby is DENIED.

The Clerk is directed to send a copy of this Order to the Debtor, the Chapter 7 Trustee, the Office of the United States Trustee, and all creditors on the mailing matrix.

ENTER this 4th day of December, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE